# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALBERTO RODRIGUEZ, | : | CIVIL NO. 1:CV-13-1048 |
|---|---|---|
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ATTORNEY GENERAL USA, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Alberto Rodriguez, ("Rodriguez"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 22, 2013. (Doc. No. 1.) He will be granted leave to proceed in forma pauperis for the sole purpose of filing this petition. Following a preliminary review of the petition, see R. Governing § 2254 Cases R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## I.      Background

Rodriguez states that he was born in the Dominican Republic on November 20, 1960, and entered the United States as a child on or about November 5, 1967. He states that in 2010 he was arrested and convicted of charges including conspiracy, corrupt organization and theft by deception. He served approximately eleven (11) months in prison and was released on parole in April of 2011. On November 26, 2012, deportation proceedings were initiated against him. He states that he was found by an immigration judge to be removable due to his aggravated felony conviction and ordered deported to the Dominican Republic. He states that he waived his right to appeal and that his order of removal became final. Rodriguez alleges that he has been in ICE

detention over 180 days and files this petition challenging his continued detention. He does not reference any custody status review following his detention by ICE, and claims that ICE is unable to obtain travel documents to remove him. He seeks to be released from ICE detention on supervision pending his removal.

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, as clearly appears to be the case here, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F. R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Id.

In the matter *sub judice*, all indications are that jurisdiction to make a determination concerning the custody of Rodriguez now is with the HQPDU. In fact, in the instant petition he states that at one point that he received a notice stating that his detention will continue and that his file would be forwarded to the HQPDU for a final review. (Doc. No. 1 at 18.) There is no indication that Rodriguez has filed a written request for release with the HQPDU or that any such review has ever been conducted. Consequently, ICE will be ordered to treat the instant

3

petition as a request for release under 8 C.F.R. § 241.13. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO RODRIGUEZ | : | CIVIL NO. 1:CV-13-1048 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ATTORNEY GENERAL, USA, et al., | : | |
| Respondents | : | |

# ORDER

**AND NOW,** this 25th day of April, 2013, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of filing the instant petition.

2. The petition for writ of habeas corpus is **denied**.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Petitioner with a response to his request within thirty (30) days.

4. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania